69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James A. WILLIS, Plaintiff-Appellant,
and
Sarah F. WILLIS, Plaintiff,
v.
EIGHT OR MORE UNKNOWN NAMED AGENTS OF THE FEDERAL BUREAU OF
INVESTIGATION, Defendants-Appellees.
 No. 95-3029.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 BALDOCK
 
 1
 Plaintiff James Willis, appearing pro se, appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his complaint as time-barred. We have jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 2
 On September 8, 1994, Plaintiff, an inmate in the Federal Corrections Institution in Oxford, Wisconsin, filed the instant action for damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), arguing that Defendants violated his constitutional rights when they attempted to execute an arrest warrant at his home on January 12, 1990 in Kansas City, Kansas. The district court sua sponte dismissed Plaintiff's complaint for failure to file within the two-year statute of limitations under Kansas law. See Kan. Stat. Ann. 60-513(a)(4) (providing a two-year limitations period for bringing an action "for any injury to the rights of another"). This appeal followed.
 
 
 3
 On appeal, Plaintiff contends his action was not time-barred because the applicable statute of limitations is tolled as he is in prison for less than a life term. See Kan. Stat. Ann. 60-515(a) (statute of limitations is tolled for a prisoner serving "a term less than such person's natural life"). We review de novo the district court's ruling on the applicability of the statute of limitations. Wright v. Southwestern Bell Tel. Co., 925 F.2d 1288, 1290 (10th Cir.1991).
 
 
 4
 "[A] Bivens action, like an action brought pursuant to 42 U.S.C.1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose." Industrial Constructors Corp. v. Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir.1994) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). Because Plaintiff's cause of action arose in Kansas, we apply Kansas' two-year statute of limitations period for bringing an action for "an injury to the rights of another." Kan. Stat. Ann. 60-513(a)(4); see also Johnson v. Johnson County Com'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991) (applying 60-513(a)(4) in a 1983 action). This two-year limitations period begins to run "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Industrial Constructors, 15 F.3d at 969. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." Johnson, 925 F.2d at 1301.
 
 
 5
 In the instant case, Plaintiff's claims arising out of the alleged conduct of the FBI agents accrued on January, 12, 1990. Plaintiff did not commence his suit against Defendants until September 8, 1994, well outside the applicable two-year statute of limitations period. Thus, Plaintiff's action is time-barred unless he can demonstrate a basis for tolling the statute. See Aldrich v. McCulloch Properties, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980) (when clear from dates in complaint that right to sue has extinguished, plaintiff has burden of demonstrating a basis for tolling the statute).
 
 
 6
 Plaintiff contends the statute of limitations is tolled by Kan. Stat. Ann. 60-515(a) which provides relief from the statute of limitations for a person "imprisoned for a term less than such person's natural life" unless the inmate "has access to the court for purposes of bringing an action." Plaintiff argues his incarceration and limited understanding of legal issues constitutes a denial of "access to the courts", and that the statute of limitations should therefore be tolled. The district court concluded that these proferred reasons did not show "[P]laintiff's access to the courts ha[d] ... been unduly limited by his incarceration." We agree with the district court. Thus, we hold 60-515(a) did not toll the two-year statute of limitations applicable to Plaintiff's claims. Therefore, the district court did not err in dismissing Plaintiff's complaint as time-barred.
 
 AFFIRMED.[3]
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 We grant Plaintiff's motion to proceed on appeal in forma pauperis